ENRIQUE GONZÁLEZ JIMÉNEZ, Plaintiff and Appellant, v. LUGO & CO., GUSTAVO A. and UBALDO LUGO RAMÍREZ, Defendants and Appellees.

No. 11091. Argued November 5, 1953.—Decided November 30, 1953.

R. V. Pérez Marchand for appellant. Antonio Figueroa Rivera for appellees.

MR. JUSTICE MARRERO delivered the opinion of the Court.

The defendants request this Court to dismiss the appeal taken by plaintiff. It appears from the record that the lower court rendered judgment on July 3, 1953; that notice of that judgment was served on the parties on July 7 and filed of record by the Secretary on the 9th of same month; that on July 22 plaintiff moved for a reconsideration of the judgment

and that court entertained the motion, setting the hearing for August 17, at 9 a.m.; that on August 10, that is, within the statutory period but before the motion for reconsideration was heard and finally passed upon, defendants appealed to this Court from the judgment in question; that on August 18 the lower court issued an *order* granting the motion for reconsideration only for the purpose of acknowledging that a mathematical error had been committed in its judgment, for instead of referring therein to the sum of $8,896.11 it should have referred to the sum $8,796.11, and dismissing the same in respect to all other particulars; that eight days later, upon passing upon a motion of defendants, the court issued another explanatory order indicating that the purpose of the order of August 18 "was merely to correct an arithmetical error in the subtraction of two sums, without disturbing in any manner whatever the findings of fact and of law made by the court in its judgment"; and that on August 26 plaintiff filed a notice of appeal stating that, "feeling aggrieved by the final judgment rendered by the court in this case on the 18th instant, he appeals therefrom in its entirety to the Supreme Court of Puerto Rico." Defendants seek the dismissal of that appeal.

The gist of defendants' contentions is that the appeal taken by them on August 10 ousted the jurisdiction of the trial court; that, consequently, the trial court lacked jurisdiction to entertain the motion for reconsideration, since the order of August 18 was merely intended, in their opinion, as an order *nunc pro tunc*, which corrected a purely arithmetical error; and that as a result of all this, the appeal interposed on August 26 was unseasonable. We do not agree.

It is undeniable that we have held in several cases that, in accordance with the provisions of § 297 of the Code of Civil Procedure,[1] an appeal from a judgment rendered

---

[1] Section 297 of the Code of Civil Procedure provides:

"Whenever an appeal is perfected, it stays all further proceedings in the court below, upon the judgment or order appealed from, or upon the

ousts the jurisdiction of the lower court to pass on a motion for reconsideration. *Guilhon & Barthelemy* v. *District Court*, 64 P.R.R. 289; *Sierra, Commissioner* v. *Blondet*, 70 P.R.R. 200, 202; *Escalera* v. *Armenteros*, 74 P.R.R. 10, 15, note 5. However, those cases are clearly distinguishable from the present case. In the first of those cases, the motion for reconsideration was filed prior to the date of the filing of the appeal, but the court took no action on that motion until the appeal was taken. In the second case, reconsideration was requested the same day the appeal was filed, but the court took no action until four days later; and in the third case, the reconsideration was requested subsequent to the date of filing of the appeal.

In view of these circumstances, the trial court lacked jurisdiction in all of them to entertain the motions for reconsideration submitted to it. The question here is different. At the time defendants filed their appeal in the case at bar, plaintiff had already filed his motion for reconsideration and the trial court had set a date to hear the parties.[2] The setting of the hearing of the motion for reconsideration automatically results in entertainment thereof—*Guilhon & Barthelemy* v. *District Court, supra*, and *Cía. Cervecera de P. R.* v. *Tax Court*, 69 P.R.R. 83, 86—and in staying the term to appeal from the judgment already entered. This is clearly and expressly provided in § 292 of the Code of Civil Procedure, as amended by Act No. 67 of May 8, 1937 (Sess. Laws, p. 190.) This Section reads at present as follows:

"A judgment or order in a civil action, except when expressly made definite and final, may be reviewed as prescribed in this Code, and not otherwise.

matters embraced therein; but the court below may proceed upon any other matter embraced in the action, and not affected by the order appealed from."

[2] The record under consideration does not disclose the date of issuance of the order setting the hearing on the motion for reconsideration. However, according to the very motion to dismiss, the order was issued prior to August 10, 1953, which is the date defendants filed their appeal.

"Any party aggrieved by a judgment or resolution of a district court in a civil action may, within the unextendible term of fifteen (15) days from the date of the filing in the case of a copy of the notification of the judgment, or within the unextendible term of five (5) days from the date of the filing in the case of a copy of the notification that judgment has been rendered, file in the court where the judgment or resolution was rendered, an *ex-parte* petition for the review or reconsideration of its judgment or resolution, stating therein the facts and the fundamentals of law on which the application is based. The court shall decide the motion for reconsideration within five (5) days after it is filed, and if the court rejects the petition outright, the term for appealing from the judgment or resolution whose review is applied for shall be computed in the manner provided in this Code, as if no petition for review or reconsideration had been presented. *If the court decides to reconsider its judgment or resolution, or to hear the parties on the motion for reconsideration, the term for appealing shall be computed from the date of the filing, as part of the record of the case, of a copy of the notification made by the secretary of the court to the party against whom the final decision of the court was rendered.*" (Italics ours.)

Since in the case at bar the motion for reconsideration was filed within a period of 15 days from the filing of the notice of the judgment, and the said motion was entertained prior to August 10, on which date defendants filed their appeal, the lower court had jurisdiction to entertain the motion for reconsideration, since the filing of the appeal on August 10 by the defendants did not affect such jurisdiction. As provided by the statute, if the trial court decides to hear the parties on a motion for reconsideration, "the term for appealing shall be computed from the date of the filing, as part of the record of the case, of a copy of the notification made by the secretary of the court to the party against whom the final decision of the court was rendered." Since the lower court took no final action on the motion for reconsideration until August 18, and since the secretary did not notify the same to the parties until August 19, this last date is the starting point for computing the period within which to ap-

476

peal. Since this period is 30 days—§ 295 (1) of the Code of Civil Procedure—the appeal taken on August 26 was seasonably filed.

It was, of course, a mistake on the part of the plaintiff in referring in his notice of appeal to "the final judgment rendered...on the 18th instant." What was actually issued on that date was an order granting in part and dismissing in part the motion for reconsideration. However, it is clear that plaintiff's purpose was to appeal from the judgment of July 3, as modified, the reconsideration of which, as stated before, had been entertained, and not from the order of August 18. Of course, that judgment was appealable, and, as already stated, the appeal therefrom was seasonably filed.[3]

The motion is dismissed.

---

[3] Rule No. 3 of the Rules for the Administration of the Court of First Instance, which provides in part that "the hearing of a motion on the Friday following expiration of seven days," is not applicable to motions for reconsideration, since such motions may be dismissed outright or set for trial at the discretion of the judge, in accordance with their merits.